# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| David Randolph and Dina Sanderson <br><br> Plaintiffs, <br><br> v. <br><br> EARM L.L.C., d/b/a/ Everglades Capital Solutions, <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violations of § 1788 of the California Civil Code et seq., the Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

3.   Venue is proper in this District because Defendant transacts business here.

## PARTIES

4.   Plaintiff David Randolph is a natural person who resides in the City of Oakland, County of Alameda, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and the RFDCPA.

5.   Defendant EARM is a collection agency operating from an address of 1616-102 W. Cape Coral Parkway #171, Cape Coral, FL 33914 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and § 1788.2(c) of the RFDCPA.

-1-

## FACTUAL ALLEGATIONS

6.   On or about June 25, 2013, Plaintiff David Randolph received an electronic communication (hereinafter "e-mail") from Defendant.

7.   This was the first communication sent from Defendant to Plaintiff.

8.   The e-mail sent by Defendant did not contain the Mini-Miranda disclosures as required by the FDCPA.

9.   The e-mail did not contain the thirty day validation of debt notice as required by the FDCPA.

10.  The e-mail did contain a legal threat alerting Plaintiff that if some sort of resolution was not reached, his matter would be sent to an attorney's office and legal fees would be added to his balance.

11.  In or around June of 2013, Defendant contacted Plaintiff's then fiancé, now wife, Dina Sanderson, by telephone in an effort to locate Plaintiff which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.  Defendant asked for the whereabouts of Plaintiff.  Ms. Sanderson stated that she did not know the whereabouts of Plaintiff, that this was her personal cell phone number, and hung up the phone.

13.  Defendant immediately called back, and their agent stated that Ms. Sanderson was not allowed to hang up or interfere with an investigation.  Ms. Sanderson asked if she, herself was under investigation to which Defendant's agent replied, "maybe."

14.  Ms. Sanderson then asked Defendant's agent as to which charges were pending against her to which Defendant's agent had no reply.  Instead, Defendant began to question Ms. Sanders as to Plaintiff's whereabouts.

-2-

15. Ms. Sanderson told Defendant's agent that she no longer wished for Defendant to call her again unless the matter directly pertained to her.

16. On or about June 25, 2013, Ms. Sanderson received a call from another "investigator" who stated to Ms. Sanderson that she, the investigator, was going to come to her house. Ms. Sanderson asked if the investigator if she was making a threat, to which the investigator replied, "don't try me."

17. Ms. Sanderson requested that she not be contacted again or she would contact her harassment attorney and file charges. Ms. Sanderson called the number which dialed her (877-504-2451) and asked to speak to the supervisor. While on the phone with the supervisor who was of little help, the same "investigator" Ms. Sanderson just spoke to called Ms. Sanderson and informed her that she was going to call every number on her "list" unless Ms. Sanderson gave her some information pertaining to the location of Plaintiff David Randolph.

18. Ms. Sanderson told Defendant Everglade's agent once more to stop calling.

19. All of the above-described collection communications made by Defendant Everglades were made in violation of numerous and multiple provisions of the FDCPA.

20. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

21. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO PLAINTIFF DAVID RANDOLPH
## 15 U.S.C. § 1692 et seq.

22.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.   On or about June 25, 2013, Plaintiff David Randolph received an electronic communication (hereinafter "e-mail") from Defendant.

24.   This was one of the first communications sent from Defendant to Plaintiff.

25.   The email alleges that Plaintiff missed a payment of $100.00.   Plaintiff never agreed to make payments on the alleged debt however.

26.   The e-mail sent by Defendant did not contain the Mini-Miranda disclosures as required by the FDCPA.

27.   The e-mail did not contain the thirty day validation of debt notice as required by the FDCPA nor was this notice sent to Plaintiff at any time thereafter.

28.   The e-mail did contain a legal threat alerting Plaintiff that if some sort of resolution was not reached, his matter would be sent to an attorney's office and legal fees would be added to his balance.

29.   Defendant, having failed to provide the proper disclosures whilst asserting various illegal statements regarding the consequences on non-payment, has violated 15 U.S.C. § 1692(e)(5), 15 U.S.C. § 1692(e)(2)(A), 15 U.S.C. § 1692(e)(2)(B), 15 U.S.C. § 1692(e)(5), 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692(g)(3), 15 U.S.C. § 1692(g)(4), 15 U.S.C. § 1692(g)(5).

30.   Plaintiff has been damaged and is entitled to relief.

## COUNT II.
## VIOLATIONS OF THE ROSENTHAL ACT
## AS TO PLAINTIFF DAVID RANDOLPH
## 15 U.S.C. § 1788 et seq.

31.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as
though fully stated herein.

32.    By virtue of Defendant's violations of the FDCPA as detailed in Count I of this
complaint, Defendant has violated § 1788.17.

33.    Plaintiff has been damaged and is entitled to relief.

## COUNT III.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO PLAINTIFF DINA SANDERSON
## § 1692, et seq.

34.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as
though fully stated herein.

35.    In or around June of 2013, Defendant contacted Plaintiff's then fiancé, now wife, Dina
Sanderson, by telephone in an effort to locate Plaintiff which was a "communication" in
an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36.    Defendant asked for the whereabouts of Plaintiff.  Ms. Sanderson stated that she did not
know the whereabouts of Plaintiff, that this was her personal cell phone number, and hung
up the phone.

37.    Defendant immediately called back, and their agent stated that Ms. Sanderson was not
allowed to hang up or interfere with an investigation.  Ms. Sanderson asked if she, herself
was under investigation to which Defendant's agent replied, "maybe."

38. Ms. Sanderson then asked Defendant's agent as to which charges were pending against her to which Defendant's agent had no reply. Instead, Defendant began to question Ms. Sanders as to Plaintiff's whereabouts.

39. Ms. Sanderson told Defendant's agent that she no longer wished for Defendant to call her again unless the matter directly pertained to her.

40. On or about June 25, 2013, Ms. Sanderson received a call from another "investigator" who stated to Ms. Sanderson that she, the investigator, was going to come to her house. Ms. Sanderson asked if the investigator if she was making a threat, to which the investigator replied, "don't try me."

41. Ms. Sanderson requested that she not be contacted again or she would contact her harassment attorney and file charges. Ms. Sanderson called the number which dialed her (877-504-2451) and asked to speak to the supervisor. While on the phone with the supervisor who was of little help, the same "investigator" Ms. Sanderson just spoke to called Ms. Sanderson and informed her that she was going to call every number on her "list" unless Ms. Sanderson gave her some information pertaining to the location of Plaintiff David Randolph.

42. Ms. Sanderson told Defendant Everglade's agent once more to stop calling.

43. Defendant, having failed to adhere to Ms. Sanderson's request to cease and desist with contacting her regarding debts related to Plaintiff Randolph whilst making veiled threats of action against Ms. Sanderson in her own personal capacity, has violated 15 U.S.C. § 1692(b)(3), 15 U.S.C. § 1692(d)(5), and 15 U.S.C. § 1692(e)(5).

44. Plaintiff has been damaged and is entitled to relief.

## COUNT IV.
### VIOLATIONS OF THE ROSENTHAL ACT
### AS TO PLAINTIFF DINA SANDERSON
### § 1788 et seq.

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. By virtue of Defendant's violations of the FDCPA as detailed in Count III of this complaint, Defendant has violated § 1788.17.

47. Plaintiff has been damaged and is entitled to relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for each Plaintiff; and

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for each Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and § 1788.30(c) against Defendant and for each Plaintiff; and

- That judgment be entered against Defendant in favor of each Plaintiff for actual damages, pursuant to § 1788.30(b); and

- That judgment be entered against Defendant in favor of each Plaintiff for statutory damages, pursuant to § 1788.30(b); and

- For such other and further relief as may be just and proper.

Dated: June 18, 2014                              Respectfully submitted,

_A. Martin_

Agnes Martin, Esq.
MARTIN LAW GROUP
3500 W. Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: 800.910.4859

Attorney for Plaintiff